UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES R.P. URLACHER,

     Plaintiff,

  v.

PATRISHA LASHWAY, KEVIN
QUIGLEY, et al.,

     Defendants.

CASE NO. 3:16-cv-05912-RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION

THIS MATTER comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura. Dkt. 39. The Court has reviewed the Report and Recommendation (R&R); objections filed by Plaintiff (Dkt. 40); response to Plaintiff's objections filed by Defendants (Dkt. 41); pleadings relating to the underlying motion, Defendants' Motion to Dismiss (Dkt. 27); and the remainder of the file herein.

The Court will adopt the Report and Recommendation, which recommends dismissal for claims except those challenging Plaintiff's conditions of confinement. This Court adds the caveat that, except for the 5th Amendment/Double Jeopardy claim, dismissal must be without prejudice and with leave to amend. The Court also adds the following additional analysis to address Plaintiff's discrete objections.

A) <u>Objection to "factual error" in R&R regarding the amount of SOTP treatment.</u>

According to Plaintiff, he receives 8-16 hours of SOTP treatment per month, but the R&R refers to 8-16 hours per week. Dkt. 40 at 1, 2; *See* Dkt. 39 at 1. Plaintiff objects to this "factual error" that Plaintiff requests, "must be corrected . . . before the jury trial." *Id*. However, the R&R is not evidence to be presented at trial, so Plaintiff's concern that the jury could be misinformed by the R&R is misguided. Further, even assuming that Plaintiff is correct, the difference in the amount of treatment is immaterial to the legal analysis and conclusions of the R&R. The Court notes, however, that the sufficiency of treatment may be a theory for Plaintiff's conditions of confinement claim.

B) <u>Objection to comparing Plaintiff other types of detainees.</u>

Plaintiff objects to comparing the conditions of his confinement to a county jail "or other pretrial detainment facility." Dkt. 40 at 2. The objection is unpersuasive, because this Court adopts the law discussed in the R&R, including the R&R's observation that Plaintiff is a civil detainee. Civil detainees have been compared to incarcerated persons as courts have sought to distinguish the ways that the government may—or may not—detain persons like Plaintiff. *See, e.g., Youngberg v. Romeo*, 457 U.S. 307, 315 (1982). *See* Dkt. 39 at 6-11. Plaintiff is not incarcerated, but his freedoms have been curtailed due to this status as a civilly committed detainee, so the comparison is not without merit. *Id*.

C) <u>Objection to R&R use of *Bell v. Wolfish*, 441 U.S. 520, 554 (1979).</u>

Plaintiff's objection to the R&R's reliance on *Wolfish* is noted, but it is without merit. The R&R, which this Court adopts, states:

> The [*Jones v. Blanas*, 393 F.3d at 931] court also noted that 'an individual detained under civil process—like an individual accused but not convicted of a crime—cannot be subjected to conditions that 'amount to punishment.'" [*Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004)] (quoting *Bell v. Wolfish*, 441 U.S. 520, 536 (1979).

Dkt. 39 at 8. The reference to *Wolfish* is proper citation to binding authority. *Wolfish* is still good law, so Plaintiff's argument is unavailing.

    D) <u>Objection to dismissal of 5th Amendment/double jeopardy claim.</u>

Plaintiff opines that the "exact same" "historical records . . . [used for] criminal prosecution" are being used "for the purpose of depriving liberty a second time classed as a sexually violent predator (SVP)." Dkt. 40 at 4. The Supreme Court of the United States squarely rejected challenges to Washington's civil commitment statutes on the basis of double jeopardy. *Selig v. Young*, 531 U.S. 250, 263 (2001). Allowing Plaintiff to amend this claim would be futile, so dismissal should be with prejudice. As noted by the R&R, the bar against the double jeopardy claim does not preclude Plaintiff from challenging the conditions of confinement as a substantive due process claim.

    E) <u>Objection to dismissal of *Bounds* claims.</u>

Plaintiff objects to the R&R's reliance on *Lewis v. Casey*, 518 U.S. 343 (1996). *Lewis* held that in the context of a *Bounds* claim, the plaintiff must show an actual injury, which is "actual prejudice with respect to contemplated or existing litigation." Dkt. 39 at 14. Plaintiff requests that he be permitted to conduct discovery to establish "imminent harm." However, the R&R recommended dismissal for failure to state a claim in his written complaint. Dkt. 39 at 16. The law requires a statement of claim which, if adequate, is the foundation for discovery to prove the claim alleged. The law does not allow discovery without that foundation. Permitting Plaintiff to conduct discovery on the *Bounds* claim is not warranted, because even if Plaintiff proved all the allegations in the Complaint he would not be entitled to recovery. The Complaint does not, as a matter of law, state a claim upon which relief can be granted. As the R&R recommends, the

*Bounds* claims should be dismissed, but dismissal should be without prejudice and with leave to amend.

F) <u>Objection to dismissal of defendants pled under theory of respondeat superior.</u>

Plaintiff defends his argument—rejected by the R&R—that two supervisors, Kevin Quigley and Patrisha Lashway, could be liable under a theory of respondeat superior. Dkt. 40 at 7. Resolving the legal issue raised by Plaintiff's objection is of no importance to the issue of whether claims should be dismissed against Mr. Quigley and Ms. Lashway. The R&R recommends denying dismissal of Ms. Lashway on other grounds, namely, because the Complaint alleges personal conduct by Ms. Lashway, that she "knew of the [constitutional] violaitons and failed to prevent them." As to Mr. Quigley, who was named as a "former supervisor," the R&R recommended dismissal on Eleventh Amendment grounds. Dkt. 39 at 19, 21, 22.

Nonetheless, addressing the substance of Plaintiff's objection, Plaintiff's argument is not supported by the law. *See Iqbal*, 556 at 676. To the extent that Plaintiff seeks damages from Mr. Quigley and Ms. Lashway under 28 U.S.C. §1983, alleging supervisory liability under an agency theory is insufficient. Instead, the complaint must allege a violation, by a defendant personally, of governmental ordinance, policy, practice, or custom that is the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978).

G) <u>Objection to dismissal of allegations against defendants in their personal and individual capacity.</u>

Plaintiff argues that, contrary to the R&R's finding, "clearly at this stage of pleadings [he] need not specifically delineate how each named Defendant individually or personally

contributed to any violation of his constitutional rights." Dkt. 40 at 10, 11. The R&R dismissed the request for damages without prejudice as to all individually-named defendants because the Complaint repeats the same factual allegations—and then attributes liability—"to each enumerated employee, without any explanation as to how each person participated." Dkt. 39 at 22, 23.

This Court adopts the R&R's reasoning, which relied on *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988), for the rule that pleadings must allege causation that is "individualized and focus[ed] on the duties and responsibilities of each individual defendant whose acts or omission are alleged to have caused a constitutional deprivation." Dkt. 39 at 22. Concededly, *Leer* analyzed a motion for summary judgment, whereas in this case there is pending a motion to dismiss for failure to state a claim. However, even taking all Plaintiff's allegations as true, the Complaint does not allege a sufficient basis for recovery against individual defendants. The Complaint must allege "that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), which the Complaint has not done. Dismissal should be without prejudice with leave to amend, because if Plaintiff particularizes the complaint to named individuals, he may be able to state a claim.

H) <u>Objection to dismissal of claim for unbiased forensic examiners.</u>

The Complaint alleges a § 1983 claim against fourteen defendants for violations of the Fourteenth and Sixth Amendments on the basis that they "acted with deliberate or willful indifference . . . . in both their individual capacity and/or official capacity," by hiring forensic evaluators with a direct interest in prolonging Plaintiff's SCC detention. Dkt. 1-1 at § 5.4 The Complaint alleges that Plaintiff would have been released but for the evaluations. *Id*. Plaintiff's

Objection adds new facts beyond the pleadings, including the fact that at his October 8, 2015 annual review, SCC provided Plaintiff, who is indigent, with his own expert, but Plaintiff was not provided with—and could not afford—his own rebuttal expert. Dkt. 40 at 13.

Sexually Violent Predators may be civilly committed under Washington's statutory scheme. RCW 71.09 *et seq*. By statute, civilly committed persons are entitled to "a current examination of his or her mental condition made by the department at least once very year." RCW 71.09.070(1). The persons "may retain, or if he or she is indigent and so requests, the court may appoint a qualified expert or a professional person to examine him[.]" RCW 71.09.070(6)(a). Washington's statutory scheme comports with basic notions of Due Process. *See discussion*, *Hickey v. Morris*, 722 F.2d 543, 548-49 (9th Cir. 1983).

To the extent that the Complaint alleges a facial constitutional challenge to Washington's process for SVP annual examinations, the claim should be dismissed with prejudice, because the statutory scheme is constitutional. The statute provides that, at no cost to him, Plaintiff is entitled to "<u>a</u> qualified expert or <u>a</u> professional person," not a team of experts, or even one more expert for rebuttal.

To the extent that the Complaint has alleged an "as applied" constitutional challenge, the claim should be dismissed without prejudice for failure to state a claim. Even if the statute was ambiguous about what Plaintiff is entitled to, the Complaint has not alleged what difference it would have made for Plaintiff to have a second rebuttal witness. Without more, Plaintiff has not stated a claim for relief. The claim should be dismissed without prejudice, but with leave to amend.

\* \* \*

THEREFORE, the Court **HEREBY ORDERS:**

(1) The Court adopts the Report and Recommendation (Dkt. 39).

(2) Defendants' Motion to Dismiss (Dkt. 27):

- Conditions of confinement claims: GRANTED IN PART and DENIED IN PART:
  - <u>Official capacity:</u> To the extent the conditions of confinement claims are alleged against persons named in their official capacity, the request for damages is dismissed with prejudice on Eleventh Amendment grounds, but the request for declaratory or injunctive relief may proceed.
  - <u>Individual and personal capacity:</u> To the extent conditions of confinement claims are alleged against persons named in their individual and personal capacity, claims are dismissed without prejudice for failure to state a claim, with leave to amend.
- Double Jeopardy/Fifth Amendment claim: GRANTED. The claim is dismissed with prejudice.
- *Bounds* claims: GRANTED. The claims are dismissed without prejudice for failure to state a claim, with leave to amend.
- Claim for unbiased forensic examiner: Defendants' motion is GRANTED. To the extent the claim alleges a facial constitutional claim, the claim is dismissed with prejudice. The claim is otherwise dismissed without prejudice for failure to state a claim, with leave to amend.

(3) <u>Any amended pleadings must be filed before **July 15, 2017**.</u>

(4) This matter is re-referred to Magistrate Judge J. Richard Creatura.

**DATED** this 14th day of June, 2017.

ROBERT J. BRYAN
United States District Judge